**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRADLEY STEPHEN COHEN; COHEN ASSET MANAGEMENT, INC., a California Corporation, | No.    16-15943 |
| Plaintiffs-Appellees, | DC No. CV 12-1401 JCM |
| v. | MEMORANDUM[*] |
| ROSS B. HANSEN; STEVEN EARL FIREBAUGH, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted September 13, 2018
San Francisco, California

Before:    TASHIMA, RAWLINSON, and WATFORD, Circuit Judges.

Defendant-Appellant Ross Hansen was found liable for defamation *per se*

and false light invasion of privacy after he created a website comparing Bradley

Cohen and Cohen Asset Management ("CAM") to Bernie Madoff and his Ponzi

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

scheme. Cohen and CAM sought only presumed damages at trial, and a jury awarded a multimillion-dollar judgment. Hansen appeals from the judgment and the district court's denial of his motion for a new trial. He argues that certain evidence introduced at trial violated a magistrate judge's order precluding evidence of "quantifiable economic harm."[1] He also argues that Nevada law does not allow "loss of business" to serve as a basis for presumed damages. We affirm.[2]

1. "[A]n award of presumed general damages must still be supported by competent evidence but not necessarily of the kind that assigns an actual dollar value to the injury." *Bongiovi v. Sullivan*, 138 P.3d 433, 448 (Nev. 2006) (internal quotation marks and citations omitted). Furthermore, the magistrate judge's order only prohibited the introduction of evidence of *quantifiable* economic harm; it did not prohibit evidence of *any* economic harm whatsoever.

At the beginning of the trial, the district court instructed Hansen's trial counsel to object if evidence that violated the order was introduced so that the court could rule on its admissibility at that time. Hansen's counsel agreed to do so,

---

[1] The order was issued as a discovery sanction and affirmed by the district judge.

[2] After this appeal was filed, Firebaugh filed a voluntary petition for bankruptcy under Chapter 13, in the United States Bankruptcy Court for the District of Nevada, No. 16-51352. Therefore, pursuant to the automatic stay, 11 U.S.C. § 362(a), this disposition does not address or decide the appeal as to Defendant-Appellant Firebaugh.

but never objected on the ground that the preclusion order had been violated. Cohen testified that: (1) CAM lost "a $21 million dollar deal," allegedly because of the website; (2) his insurance provider did not want to renew his policy because of the website, but Cohen did not mention a specific dollar figure and the provider eventually did insure him; (3) one client was investing approximately $130 million with CAM at the time the website was online; and (4) he was so intent on making the website less prominent in internet search results that he spent $100,000 to $200,000 on search engine optimization. Cohen and CAM's evidence of economic harm was the type of competent evidence that served as a basis for Cohen and CAM's presumed general damages. The district court did not err by allowing its admission.

2.      Under Nevada law, evidence of "loss of business" can serve as the basis for presumed damages in defamation *per se* cases. "General damages are presumed upon proof of the defamation alone . . . 'because of the impossibility of affixing an exact monetary amount for present and future injury to the plaintiff's reputation, wounded feelings and humiliation, **loss of business**, and any consequential physical illness or pain.' " *Bongiovi*, 138 P.3d at 448 (emphasis added) (quoting *K-Mart Corp. v. Washington*, 866 P.2d 274, 284 (Nev. 1993)). The district court instructed the jury that loss of business could serve as the basis for

3

presumed damages. Hansen did not object to the jury instructions or accompanying special interrogatories; in fact, he stipulated to proposed jury instructions that included "loss of business" as a basis for presumed damages. The language of the jury instructions was correct under Nevada law, and thus did not mislead or confuse the jury. The district court did not plainly err by including such language in the unobjected-to jury instructions or the special interrogatories.

•  ●  •

The judgment of the district court is **AFFIRMED.**